IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAKU SHIBATA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　　　　　Defendants. | Case No. 1:23-cv-15930<br><br>**Judge Robert W. Gettleman**<br><br>**Magistrate Judge Jeffrey T. Gilbert** |

**FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff TAKU SHIBATA ("Shibata" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Defendant Online Marketplace Accounts identified in the First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Shibata having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Shibata having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Shibata has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Plaintiff's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-354-562 (the "Taku Shibata Work") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Taku Shibata Work. *See* Docket No.[15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Taku Shibata Work.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Shibata's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Taku Shibata Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Shibata product or not authorized by Shibata to be sold in connection with the Taku Shibata Work;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Taku Shibata product or any other product produced by Shibata, that is not Shibata's or not produced under the authorization, control, or supervision of Shibata and approved by Shibata for sale under the Taku Shibata Work;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Shibata, or are sponsored by, approved by, or otherwise connected with Shibata; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Shibata, nor authorized by Shibata to be sold or offered for sale, and which bear any of Shibata's registered copyright, including the Taku Shibata Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online

marketplace platforms such as Amazon Payments, Inc.("Amazon") and Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Taku Shibata Work; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Taku Shibata Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Taku Shibata product or not authorized by Shibata to be sold in connection with the Taku Shibata Work.

3. Upon Shibata's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Taku Shibata copyright.

4. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of the Taku Shibata Work on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Walmart, and Amazon, shall, within seven (7) calendar days of receipt of this Order, permanently

restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Walmart and Amazon, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including Walmart and Amazon, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Plaintiff identifies any additional Defendant Internet Stores accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit [2] to the Declaration of Taku Shibata and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The ten thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released to Plaintiff or Plaintiff's counsel, Keith Vogt, Ltd. 33 West Jackson Boulevard, #2W, Chicago, Illinois 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or Plaintiff's counsel.

This is a Default Final Judgment.

Dated: January 4, 2024

Robert W. Gettleman
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | JiangYanQiugShiFangLianShangMaoYo |
| 2 | FTMYMG |
| 3 | henanhuangangwangluokejiyouxiangongsi |
| 4 | 煜敏恺商贸有限公司 |
| 5 | ylioge Brand Store |
| 6 | ███████ |
| 7 | SSZZoo |
| 8 | ███████ |
| 9 | ███████ |
| 10 | ███████ |

| | |
|---|---|
| 37 | |
| 38 | 信息国际有限公司 |
| 39 | |
| 40 | 成都凌倍新硕网络科技有限公司 |
| 41 | YISHENG Sweaters |
| 42 | shenzhenshiyimengfushiyouxiangongsi |
| 43 | |
| 44 | |
| 45 | R-nnx% Womens 2023 Fashion |
| 46 | |
| 47 | LAILAIJU |
| 48 | |
| 49 | guangzhoumaogushangmaoyouxiangongsi |
| 50 | |
| 51 | |
| 52 | |
| 53 | LUGOGNE |
| 54 | jiangnnadianpu |
| 55 | xiezhilandianpu |
| 56 | yeshahe |
| 57 | Biamigjz |
| 58 | hujiashangmao12 |
| 59 | lingleshangmaoyouxiangongsi |
| 60 | 广州陆欣商贸有限公司 |
| 61 | |
| 62 | |
| 63 | |
| 64 | putianchengxiangqusongdeqiangbaihuoshanghang |
| 65 | YIZEGAOdaoyize |
| 66 | |
| 67 | LinChiYanxiaodian |
| 68 | ZhiHaoDianZiShangWuYouXianGongSi |
| 69 | changfengxianruanqianshangmaoyouxiangongsi |
| 70 | Qing tin sign |
| 71 | zhnagcaifangdianpu |
| 72 | guangzhoufenmeishangmao |
| 73 | guangzhoyushengkeshangmaoyouxiangongsi |
| 74 | |

| | |
|---|---|
| 75 | XML 大麦 |
| 76 | linliangju |
| 77 | SSDXY |
| 78 | songyuanshizegengshangmao |
| 79 | huangdan0001hd |
| 80 | beisichubaihuoshanghang |
| 81 | iYBWZH |
| 82 | MeikoHome |
| 83 | |
| 84 | KINGOLDON |
| 85 | |
| 86 | LiZhiQiangDHKSJFKLDJSKLDF |
| 87 | sunmo |
| 88 | BYIA |
| 89 | |
| 90 | |
| 91 | lierfengdianpu |
| 92 | fuyangshiyingzhouqujiananwangluokejiyouxiangongsi |
| 93 | cgbshhfcuwuifjfjmsam |
| 94 | JohnPBurke |
| 95 | yaoyaodoumaoyiyouxiangongsi |
| 96 | |
| 97 | hongdongxianguliangmaoyiyouxiangongsi |
| 98 | guangzhounichishangmao |
| 99 | pengyong shangmao |
| 100 | QVQE |
| 101 | |
| 102 | |
| 103 | jiafang shangmao |
| 104 | |
| 105 | zhijiangshibianguishangmaoyouxiangongsi |
| 106 | wuhukuchuanshangmao |
| 107 | 阳泉 |
| 108 | |
| 109 | ChengDanDanngShaSha |
| 110 | hongmenghuaishangmao |
| 111 | Cjygege |
| 112 | qing'pingshop |
| 113 | |

| | |
|---|---|
| 114 | sjwa |
| 115 | |
| 116 | Dengmore |
| 117 | C-N-M-D |
| 118 | |
| 119 | Awdenio |
| 120 | |
| 121 | |
| 122 | |
| 123 | DroolingDog Company |
| 124 | |
| 125 | TUTUnaumb |
| 126 | Lijinming Store |
| 127 | |
| 128 | BRKEWI Fall Fashion Savings |
| 129 | YFPWM Fashion |
| 130 | |
| 131 | |
| 132 | NAMANYLE |
| 133 | Raylon |
| 134 | WarmthanDeer |
| 135 | PIMOXV Summer Style |
| 136 | Shunky Store |
| 137 | |
| 138 | |
| 139 | |
| 140 | Liyong Trading |
| 141 | |
| 142 | |
| 143 | |
| 144 | |
| 145 | |
| 146 | Sizhou DIY Clothing Trade |
| 147 | Juebong |
| 148 | YWDJ |
| 149 | |